**SANDERS LAW GROUP**
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
File No.: 123452
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joong Hoon Lee,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>JP Morgan Chase Bank NA and Experian Information Solutions, Inc.,<br><br>　　　　　　Defendants. | Case No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joong Hoon Lee ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against JP Morgan Chase Bank NA (hereinafter referred to as "*Chase*" or *"Furnisher Defendant"*) Experian Information Solutions, Inc. (hereinafter referred to as "*Experian*" or "*CRA Defendant*") (collectively Furnisher Defendant and CRA Defendant are referred to as "*Defendants*") as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. §1681 *et seq.*

2. This action is commenced against the CRA Defendant for reporting inaccurate or misleading information on Plaintiff's credit report in violation of §1681e(b) and for their failure to conduct a reasonable investigation into Plaintiff's disputes in violation of §1681i(a) after having received dispute letters from Plaintiff disputing the inaccurate reporting on Plaintiff's consumer reports.

3. This action is commenced against the Furnisher Defendant for violations of the Fair Credit Reporting Act under 15 U.S.C. §1681s-2(b) for their failure to conduct a reasonable and/or

1

good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

4. Plaintiff brings this action in order to recover, *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports which continues to affect Plaintiff's creditworthiness and credit score. As a result of Defendants' misconduct, Plaintiff has suffered a decreased credit score, the loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of the dissemination of this inaccurate information to third parties.

5. Plaintiff has lost time and expenses in pulling credit reports, seeking professional consultants and the submission of at least one certified mailing dispute letter to CRA Defendant.

6. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an order issued by this court enjoining Defendants from persisting in its violative behaviors.

**JURISDICTION AND VENUE**

7. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(3).

**PARTIES**

9. Plaintiff Joong Joon Lee is an individual who is a citizen of the State of Washington residing in King County in the town of Bellevue.

10. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. § 1681a(c).

11. Defendant Chase is a "furnisher of information" (hereinafter "*Furnisher*") as contemplated by 15 U.S.C. § 1681s-2(b).

12. Defendant Chase is a national banking association with its principal place of business located at 1111 Polaris Parkway in Columbus, Ohio and maintains branches in the State of New York and may be served with process on its registered agent CT Corporation System, 28 Liberty Street, New York, NY 10005

13. Defendant Experian is a Consumer Reporting Agency (Hereinafter referred to as "*CRA*") as defined under 15 U.S.C. 1681a(f), that regularly conducts business in this judicial district.

14. Defendant Experian has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626, is registered to do business in the State of New York, and may be served with process upon CT Corporation System, its registered agent for service of process at 28 Liberty Street, New York, NY 10005.

15. Defendant Experian by contractual agreement, disbursed consumer background reports for remuneration to third parties.

## SUBSTANTIVE ALLEGATIONS OF FCRA

16. As described above, Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, which § 1681 which states as follows:

> (a)(1) The banking system is dependent upon fair *and accurate* credit reporting. *Inaccurate credit reports directly impair the efficiency of the banking system*, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a *need to insure that consumer reporting agencies exercise their grave responsibilities with fairness*, impartiality, and a respect for the consumer's right to privacy.

(Emphasis added).

17. The FCRA mandates that CRAs adhere to the following twin duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

18. CRAs compile, maintain, and report information concerning Plaintiff's creditworthiness, credit-standing, credit capacity, character, and general reputation. That

3

information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, the underwriting of insurance for consumers, and even housing.

19.     Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly with the maximum levels of confidentiality, accuracy, and relevancy.

20.     Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

21.     Joong Hoon Lee had a credit card with Chase opened on or around December 2016.

22.     On a date better known to Chase, the account was charged off after having gone delinquent for several months with an outstanding balance of $1,686.37.

23.     In order to resolve the debt entirely, Plaintiff entered into a settlement with Chase that would satisfy the debt for $908.40, which Plaintiff complied with.

24.     On October 16, 2020, Chase marked Plaintiff's account as settled and satisfied in their records.

25.     In June 2021, Plaintiff saw that the Chase account still reported an outstanding balance on his Experian consumer credit report, despite having been settled and satisfied over six months ago.

26.     In order to correct this inaccuracy, on July 7, 2021, Plaintiff caused a dispute letter to be sent via certified mail to Experian which, among other things, explained that the debt was settled and should have a $0 balance.

27.     Based upon tracking information from the United States Postal Service, Experian received the dispute on July 16, 2021.

28.     Upon information and belief, Experian forwarded the dispute notice and all relevant information to Chase within 5 days of receipt, pursuant to their FCRA obligations.

29.     Upon information and belief, Chase received the notice of dispute.

30.     More than 30 days have transpired since receipt of the dispute letter and Defendants time to reinvestigate the dispute pursuant to the FCRA has expired.

31. Based upon an Experian credit report pulled on August 30, 2021, 45 days after Experian received the dispute letter, the Chase account continues to be inaccurate by reporting an outstanding balance of $1,686.

32. Defendants failed to properly modify, block, remove or delete the Chase tradeline and the inaccuracy persisted on Plaintiff's Experian credit report.

33. Upon information and belief, Defendants failed to perform a reasonable investigation or any investigation whatsoever in violation of the FCRA.

34. Had a reasonable investigation been conducted by Defendants, the tradeline would have been modified to reflect a $0 balance or deleted entirely.

35. Defendants' FCRA violations have reduced Plaintiff's credit score, diminished Plaintiff's creditworthiness, and ability to use and benefit from the credit and lowered Plaintiff's credit capacity by inflating Plaintiff's liabilities.

36. Plaintiff's credit report with this inaccuracy has been disseminated to at least one third party.

37. Plaintiff has lost time and expense in: pulling credit reports; seeking professional consultants; and the submission of at least one certified mailing dispute letter to Experian.

38. Plaintiff is experiencing stress, anxiety and frustration as a result of this inaccurate reporting which even despite disputing it, remains on his credit report.

## COUNT I
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681e(b).

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

40. The CRA Defendant systemically violated 15 U.S.C. §1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning the Plaintiff they published.

41. Upon receipt of Plaintiff's disputes, the CRA Defendant was legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation. At a minimum, they were required to mark the status of the tradeline/account as disputed on the consumer's background reports but failed to do so.

42. Upon information and belief, the CRA Defendant's conduct in the instant matter is representative of their normal policies and procedures or lack thereof for maintaining accurate credit reporting.

43. In violation of §§ 1681e(b) and 1681(i), the CRA Defendant failed to follow reasonable procedures to ensure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

44. Plaintiff disputed the inaccurate information and the CRA Defendant willfully, intentionally, recklessly and negligently failed to perform a reasonable investigation to remove the inaccurate information.

45. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

46. In violation of § 1681o and § 1681n, the CRA Defendant's conduct was a direct and proximate cause of Plaintiff's injury.

47. The CRA Defendant is liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

48. As a result of the CRA Defendant's violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

49. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681e(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT II
### CRA Defendant's Violations of the FCRA, 15 U.S.C. §1681i *et seq.*

50. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

51. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

52. The CRA Defendant violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon the Furnisher Defendant and merely parroting information received from the furnisher.

53. The CRA Defendant violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendant all of the relevant information regarding Plaintiff and his dispute.

54. The CRA Defendant violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

55. The CRA Defendant violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

56. Upon information and belief, CRA Defendant never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any relevant documents from Furnisher Defendant. As such there is no evidence of a reasonable investigation being conducted.

57. As a result of the CRA Defendant's violations of 15 U.S.C. §1681, Plaintiff suffered actual damages which have been further described above.

58. The CRA Defendant's violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

59. In the alternative, the CRA Defendant was negligent, which entitles the Plaintiff to recovery under 15 U.S.C. § 1681o.

60. For the foregoing reasons, the CRA Defendant violated 15 U.S.C. § 1681i and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT III
### Furnisher Defendant's Violations of the FCRA, 15 U.S.C. §1681s-2(b)

61. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

62. At all times pertinent hereto, the Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

63. The Furnisher Defendant has a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

64. The Furnisher Defendant has an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

65. The FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher–to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

66. On each occasion referenced in the above statement of facts where a dispute was sent to a CRA Defendant, upon information and belief, the CRA Defendant provided Furnisher Defendant the notice of dispute and all relevant information regarding the disputes.

67. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendant, Furnisher Defendant received the notice of dispute and all relevant information regarding the disputes.

68. Upon information and belief, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

69. The Furnisher Defendant failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

70. Upon information and belief, the Furnisher Defendant's conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

71. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

72. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to review all relevant information concerning Plaintiff's account as provided.

73. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

74. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete incomplete or inaccurate information or information it cannot verify in Plaintiff's file after conducting an investigation;

75. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to modify or delete inaccurate or incomplete information after conducting a reinvestigation.

76. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

77. The Furnisher Defendant's conduct violated § 1681s-2(b) by willfully and/or negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

78. As a result of the Furnisher Defendant's conduct, Plaintiff suffered damages, mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials, and reputation as a successful borrower.

79. Further, Plaintiff suffered actual damages which have been further described above in the statement of facts.

80. The Furnisher Defendant's conduct was willful in that they had direct knowledge of the settlement agreement, were a party to that settlement, received payment for the settlement, and received FCRA dispute notice regarding the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

81. Alternatively, Furnisher Defendant exhibited a reckless disregard and unjustifiably high risk to the Plaintiff upon receipt of the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

82. The Furnisher Defendant is liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

83.     In the alternative, the Furnisher Defendant's conduct was negligent, failing to exercise reasonable care when it failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

84.     For the foregoing reasons, the Furnisher Defendant violated 15 U.S.C. § 1681s-2(b) and is liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorney's fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

## JURY DEMAND

85.     Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

- a  Adjudging that Defendants actions violated the FCRA; and
- b  Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);
- c  Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);
- d  Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);
- e  Granting Plaintiff costs and reasonable attorney's fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b).
- f  Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and
- g  Such other and further relief as the Court determines is just and proper.

DATED: September 13, 2021

                                       **SANDERS LAW GROUP**

                                       By:   */s/ Alain Cesar*
                                       Alain Cesar, Esq.
                                       100 Garden City Plaza
                                       Suite 500
                                       Garden City, NY 11530
                                       Tel: (516) 203-7600
                                       Email: acesar@sanderslaw.group
                                       File No.: 123452
                                       *Attorneys for Plaintiff*